EASTERN DIS.
June, 1841.

NOTT & CO.
vs.
KIRKMAN ET
AL.

NOTT & CO. *vs.* KIRKMAN ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

The verdict of the jury in a case presenting only facts will not be disturbed when not manifestly erroneous.

This is an action to recover damages from the defendants on the alledged ground of having sold to the plaintiffs a large lot of cotton, being upwards of one thousand bales, as good sound merchantable cotton, for a full price, according to samples exhibited; when in fact more than one hundred bales were not of the quality represented, but had been falsely packed, and plated on the outside with good cotton. That in consequence of said fraud these bales were returned to the plaintiffs, after being shipped to Liverpool, to their great damage, $2000, for which they pray judgment.

The defendants pleaded the general issue and averred they sold the cotton as factors and agents, and that the plaintiffs examined and bought with full knowledge of the various qualities composing said lot, and they are not liable in the premises.

On these issues the cause was submitted to a jury, who, upon the facts disclosed by the evidence as detailed in the opinion of this court, returned a verdict for the defendants. The plaintiffs appealed.

*Strawbridge*, for the plaintiffs and appellants.

*F. B. Conrad*, contra.

*Simon, J.* delivered the opinion of the court.

Plaintiffs represent that on the 14th of June, 1836, they purchased from the defendants, a large lot of cotton, upwards of one thousand bales, for which they paid them the price of sound and good cotton, conforming to the samples by which they were sold, that upwards of one hundred bales were not of the quality represented, but had been *falsely packed*, being plated on the outside with good cotton, whilst the interior was

inferior, being stained and damaged, and so much so that it was returned to them, and that they were obliged to refund the price thereof with damages. They pray for judgment for $2000.

EASTERN DIS.
June, 1841.

NOTT & CO.
vs.
KIRKMAN ET
AL.

The defendants pleaded the general issue, and further averred that plaintiffs received the cotton by them purchased of the respondents as the agents and factors of sundry persons in the State of Alabama, which fact was known to the plaintiffs, and that therefore they are not liable in the premises. The jury found a verdict in favor of the defendants, and after an unsuccessful attempt to obtain a new trial, the plaintiffs appealed.

The testimony of one Schmidt, who was examined on the part of the plaintiffs, shows that one thousand and eighty-one bales of Alabama cotton were sold by the defendants to said plaintiffs; that this sale took place on the 14th of June, 1836; that Alabama cotton had for the last several years been of a very inferior quality; that the whole of the lot was sold at an average price of $13\frac{1}{4}$ cents; that some were estimated as high as $17\frac{5}{8}$ cents, and others as low as $11\frac{1}{2}$ cents.

A. Longer, another of plaintiffs witnesses, confirms the statement made by Schmidt, and adds that he examined the marks put upon the cotton, and knows the shipping marks to be correctly stated in the lists; that some of the Alabama cotton that year was very fine and some of *a mixed quality*; that he examined the cotton himself, and generally went through some three or four samples in a bale; that it depends on how the cotton is packed; that he saw no mark of false packing, and thinks, if there had been any, he would have seen it; that this was, as he supposes, all Alabama cotton; that the defendants were the factors of said cotton, and witness bought it of them, acting as plaintiffs' broker. He further says that he went through the cotton and sampled every bale and classed it. He does not recollect having taken different samples from one bale, but knows that the Alabama cotton is in general, when sampled, of several different qualities. If he had discovered a bale having good cotton outside and indifferent cotton

EASTERN DIS.
June, 1841.

NOTT & CO.
vs.
KIRKMAN ET
AL.

inside he would have rejected it as having been falsely pack-ed, but he did not discover any fraudulent packing from his examination.

Several witnesses were examined in Liverpool by virtue of a commission; one of whom, Hardman Earle, testifies that as surveyor he examined the cotton, and found ninety-nine bales un-merchantable, being *falsely packed*; that he examined the in-terior of each bale, and that the bad or inferior cotton varied very much in the different bales. One of the other witnesses agrees with Earle that the cotton in question was not sea dam-aged, that it was falsely packed, and that the bales which he examined was composed of *various qualities* of cotton; all the other witnesses also testify that the cotton was not sea damag-ed, and was falsely packed; but they all say that they did not examine the interior of the bales; and in general, though they all agree in considering those bales as having been falsely packed, none of them swears that any of the bales was plated outside with good cotton. It is also shown that the whole lot was originally sold in Liverpool at ten pence per pound, but that out of the one hundred and one bales which were returned, *fourteen* were sold at eight pence; *sixty-three* bales at eight five eigthth pence; *twelve* at eight pence and half penny; *eleven* at eight pence three fourths; and *one* bale at seven pence.

From this evidence it appears to us clear that the lot of cot-ton purchased by the plaintiffs here, and composed of one thousand and eighty-one bales, was, within the knowledge of the plaintiffs, of *mixed* and *different qualities* at the time of the purchase; and that among those qualities, there were some superior, and others very inferior, since they averaged $13\frac{1}{2}$ cents, when the prices varied from $11\frac{1}{2}$ cents to $17\frac{5}{8}$ cents; this difference in the prices is satisfactorily explained by the witnesses, and it is not astonishing that under such circumstan-ces, on a lot of one thousand and eight-one bales, one hundred and one should have been found at Liverpool to be so inferior as to lose two pence on the general price; and it seems even rather

surprising from the average price paid here, that nine hundred and eighty bales should have been found in Liverpool of such quality as to command the same price. The difference between eight and ten pence, is not greater than between 11½ and 17⅜ cts, and nothing shows that ten pence was not the highest price of the market at the time the cotton was sold. It is true the witnesses examined in England all say that the one hundred and one bales were *falsely packed*, but in the meantime, they qualify the meaning of these expressions, by saying that the rejected bales, on being opened, were found to contain cotton of mixed and inferior qualities. This, it seems to us, the plaintiffs were aware of when they purchased; they cannot now complain of it, since they themselves have shown the condition in which said cotton was at the time of the purchase, to wit: of different prices and qualities, and surely they could not pretend that the whole lot should have commanded an equal and uniform price in the Liverpool market.

We think that, under the circumstances of the case, the verdict of the jury, on the only question of fact which this case presents, if in any manner erroneous, is not so manifestly so, as to require our interference.

It is therefore ordered, adjudged and decreed that the judgment of the Commercial Court be affirmed with costs.

EASTERN DIS.
June, 1841.

NOTT & CO.
vs.
KIRKMAN ET
AL.

The verdict of the jury in a case presenting only facts will not be disturbed when not manifestly erroneous.